**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BERNADETTE CHAPMAN, | No. 20-60009 |
| Debtor, | BAP No. 18-1235 |
| ------------------------------ | |
| BERNADETTE CHAPMAN, | MEMORANDUM* |
| Appellant, | |
| v. | |
| KARL T. ANDERSON; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Spraker, and Gan, Bankruptcy Judges, Presiding

Submitted October 4, 2021**
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and BREYER,*** District Judge.

---

&ast;      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast;      The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Debtor Bernadette Chapman timely appeals the judgment of the Bankruptcy Appellate Panel ("BAP"), which affirmed the bankruptcy court's order approving Trustee Karl Anderson's resolution of her adversary proceeding. Reviewing de novo the BAP's decision that the bankruptcy court did not abuse its discretion in approving the settlement, Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193, 1198 (9th Cir. 2012), we affirm.

We agree with the BAP, for the reasons that it gave, that Debtor has standing to appeal the bankruptcy court's order.

The bankruptcy court did not abuse its discretion in approving the Turoci Firm's employment as special counsel for Trustee in settlement negotiations. Although the law firm earlier had represented Debtor in the adversary proceeding, 11 U.S.C. § 327(e) expressly provides that a Chapter 7 trustee may employ an attorney that has represented the debtor if (1) the employment is for a specialized purpose other than representing the trustee in conducting the case; (2) the employment is in the best interest of the estate; (3) the attorney does not represent or hold any interest adverse to the debtor with respect to the specialized purpose for which the attorney is employed; and (4) the court approves the employment. The bankruptcy court permissibly concluded that those requirements were met and that, for the scope of the specialized representation, Debtor and Trustee had

2

identical interests.  Although Debtor disagrees with the value of the settled claim, she points to no evidence of any conflict of interest between her and Trustee.  Nor does she cite any evidence that the Turoci Firm used any of her confidential information in the negotiation of the settlement.  Finally, because the bankruptcy court here fully considered the law firm's earlier representation of Debtor, the BAP's decision in Tevis v. Wilke, Fleury, Hoffelt, Gould & Birney, LLP (In re Tevis), 347 B.R. 679, 687–95 (B.A.P. 9th Cir. 2006), and Debtor's arguments based on the California Rules of Professional Conduct stemming from In re Tevis, are inapt.

**AFFIRMED.**